May it please the Court, Andy Bach on behalf of the appellant, MGIC. This case presents an issue of the interplay of Section 3 of the Federal Arbitration Act and the scope of the district court's discretion under the Declaratory Judgment Act. Once a district court is vested with jurisdiction, Section 3, by its terms, requires the district court to grant a motion to stay pending arbitration if the complaint presents issues that are referable to arbitration. The district court in this case unquestionably had subject matter jurisdiction over this case. The parties are completely diverse. The amount in controversy undoubtedly exceeds $75,000. Indeed, Countrywide concedes, page 2 of its brief, that there was subject matter jurisdiction below. The case was thus properly removed by MGIC and the Federal Court. Once the district court's jurisdiction was established, Section 3 of the FAA, by its terms, required the district court to grant a stay if Countrywide's complaint presented issues that were properly referable to arbitration under the scope of the party's contract. Instead of considering the merits of MGIC's motion, the district court instead remanded the case under the Declaratory Judgment Act. This was an error, and it reflects a misunderstanding about the scope and nature of the Court's discretion. Judge Rosenthal, question? Counsel, what would be the effect in this case if there was not diversity jurisdiction? If there was no separate basis, I suppose, for Federal question jurisdiction, then the district court would have had to remand immediately, not on a discretionary basis, but for lack of subject matter jurisdiction, could act no further. So when we've never argued, and I think you see this, this was essentially, I believe, what led the district court to err below was the argument that the Federal Arbitration Act doesn't confer an independent basis for subject matter jurisdiction. Well, we agree, and we never argued to the contrary. Indeed, jurisdiction has been premised from Step 1. Indeed, our notice of removal cited diversity as a basis of jurisdiction. So simply to point out that the FAA doesn't provide a basis for jurisdiction doesn't answer the question here. Let me turn, if I may, to why we believe Section 3 is explicit in terms of what the district court is required to do when presented with a properly filed motion in a case where subject matter jurisdiction is not in dispute. Countrywide argues throughout its brief that Congress simply hasn't spoken clearly to the issue of whether or not district court is required to grant relief under Section 3 when a complaint presents issues that are referable to arbitration. But that argument simply overlooks the fact that this Court, the Supreme Court, has said that, time and again, the best evidence of Congress's intent is the text of the statute itself. And the Court has also reiterated, both this Court and the Supreme Court, that shall is language that is intended to convey the language of command. It's also been described as shall means is language that is, quote, impervious to judicial discretion. That's in Lexicon v. Milberg Weiss. And the Supreme Court and the Ninth Circuit haven't just spoke to the issue of what shall means in the abstract. The Supreme Court has addressed the mandatory nature of Section 3 in the very context of the FAA. So the obligatory nature of the FAA has already been spoken to by the Supreme Court in Dean Witter v. Berg. And I quote here that the FAA, quote, And Justice Marshall's opinion for the Court, he then cited both Sections 3 and 4 for that point. So it's clear that the Supreme Court has spoken to this very issue. More recently, in Arthur Anderson v. Carlisle and AT&T v. Concepcion, 2000, the Supreme Court has spoken to this very issue.  More recently, in Arthur Anderson v. Carlisle and AT&T v. Concepcion, 2000, the Supreme  More recently, in Arthur Anderson v. Carlisle and AT&T v. Concepcion, 2009, for Carlisle and just last few weeks for Concepcion, the Supreme Court has also indicated in describing Section 3 that what it does is it requires the district court to grant a stay pending arbitration if the complaint presents issues referable to arbitration. Well, you segued into the question I had, and I realize the district court didn't reach it, and it's not strictly in front of us. But do you think that these issues are subject to arbitration? Absolutely, Your Honor. Obviously, we haven't briefed that issue, but I'm happy to address basically why we believe that's the case. You can find the arbitration agreement that it's issued, the provision that's issued on page 59 of the excerpts of record. It's Provision 7.6a of the party's contract. Our argument, MGIC's position below, and the argument we'd like to present to the district court if we prevail here today, is effectively that the parties have a broad arbitration provision that requires, essentially it says all disputes should go to arbitration, and then it has a narrow carve-out that allows both sides to seek a declaration from a competent court on matters of interpretation. That limitation is important. Countrywide has argued below that, in fact, the language allows them to seek a declaration on any issue, regardless of whether or not it relates to matters of interpretation. Respectfully, we don't think the language can bear that interpretation. So the dispute is essentially, from MGIC's perspective, does Countrywide's complaint present what is really a matter of interpretation, or is it, as we contend, essentially just a garden-variety breach-of-contract case, although, albeit with the stakes quite high. And the reason we believe that's the case is essentially the complaint indicates that what Countrywide is seeking is the court asking the court to weigh the competency and sufficiency of evidence. And those issues don't turn on questions of policy interpretation. I hope that answers your question, Your Honor. Let me come back to section 3 if I can, because I think that's the general plan. Sotomayor Can I ask one other question about the section 3 point? Would it have made a difference if it had been a section 4 motion instead of a section 3 motion? I don't think so, Your Honor. And the reason for that is Dean Witter, in speaking about the mandatory nature of the FAA, addressed both section 3 and section 4. And the Ninth Circuit has also indicated in subsequent cases, I believe Life Scan, that section 4 also imposes a mandatory obligation. Section 4 ultimately, I believe, would require MGIC, if they wanted to pursue section 4 relief, to file in Milwaukee, where is the situs of the arbitration. But I don't think that there's a permissible reading under the Supreme Court cases and, frankly, the policy motivations of the statute that leaves the district court free to simply stay their hand when confronted with a properly filed section 3 or 4 motion. Let me come back to Countrywide's counterargument with regard to section 3, because I think it's telling. In response to MGIC's argument that the text of section 3 speaks clearly to this issue and that the Supreme Court has answered the issue in the specific context of the FAA, the only argument that Countrywide offered in response was that section 3 does not apply in removed actions arising in diversity. Respectfully, that cannot be squared with the text of section 3 itself. Section 3 applies to any case that is brought into Federal court. It does not say brought by the plaintiff. It says brought into Federal court. And a diversity case, like any other, is brought into Federal court. If the text was not sufficient, the case law clearly forecloses the argument that Countrywide is advancing. The Ninth Circuit on remand in the Quackenbush case, when it came back up to the Ninth Circuit, applied section 3 once again in a diversity case arising from removal jurisdiction. And in that case, so this is the exact circumstance in which Countrywide contends section 3 has no applicability, the Ninth Circuit quoted Dean Witter and said that section 3 not only applied but was mandatory in those circumstances. Indeed, this argument with regard to section 3's applicability in diversity cases on removal has been rejected by every case that's confronted it, going all the way back to Jerome Frank's opinion in 1955 in Bernhardt. So respectfully, we think that that's not a plausible reading of section 3. Let me turn, if I may, to section 4 of the FAA and its relevance. Because Countrywide spends, I think, a fair amount of its energy explaining how, when you read section 3 and 4 together, that explains why the district court has discretion to decline to reach the merits of our motion. I think the first point is sort of an obvious one but worth making. This case doesn't arise under a section 4 motion. So the relevance of section 4 at all, I think, is in question. The second point is one I've already mentioned, which is even if this was a section 4 case in response to Judge Rosenthal's question, the Supreme Court has also said section 4 is mandatory. And then finally, if we were just to assume for a second that this case did arise in section 4, all section 4 says is, and this is consistent, this is the interpretation the Supreme Court has recently offered in Baden, is that when confronted with a section 4 petition, the court should essentially ignore the arbitration provision and look through to the parties, the true nature of the parties' dispute, and determine whether there's subject matter jurisdiction. Well, that test wouldn't help Countrywide if it applied, because if you looked through to the true nature of the parties' dispute, whether it's considered a declaratory judgment act or, as we argued in our papers, really it's a real, really a breach of contract, there's still subject matter jurisdiction based on diversity. The parties are still completely diverse, and the amount in controversy still exceeds $75,000. So the relevance of Baden in section 4 is very much in question from the perspective of MGIC, but if it does matter, it by no means supports Countrywide's argument. Let me turn, if I may, to the scope of the district court's discretion under the Declaratory Judgment Act, because I think this is the argument Countrywide continues to advance and made more explicitly in the district court, and I believe led the court to error. I think this is the district court's reasoning, respectfully, is a little opaque on this point, but if you look on excerpt of record page 66, the last paragraph of the district court's opinion, the court says, in declining to reach the merits of MGIC's motion, essentially says, however, the FAA does not supply an independent basis for jurisdiction. So I think what's gone on here is that there's been a misunderstanding about the nature of the district court's discretion under the Declaratory Judgment Act. Under 28 U.S.C. 2201, the district courts are given discretion as to whether to declare the rights of litigants, but the Supreme Court has said from the very first time this issue came up, Justice Frankfurter and Skelly Oil, and it's been reaffirmed every time the issue's been before the Court, most recently in Baden, that the Declaratory Judgment Act merely is a remedial measure the district court is empowered to grant, but it does not have any impact on the subject matter of the district courts. And I think that is critical to understanding why here the court's power, whatever reservoir of discretion the court has under Brillhart and Snodgrass, the Ninth Circuit case is applying that test, it cannot subsume or the entire – it does not truly speak to the power of the district court to exercise, to grant relief under Section 3. In other words, the district court had the case properly under subject matter jurisdiction, under diversity, and nothing under 28 U.S.C. 2201 can change that. And it's true that the Supreme Court and this Court have occasionally referred to the scope of a district court's discretion in confronting a motion under Brillhart and Wilton as declining jurisdiction, but I think it's clear that the Supreme Court itself acknowledged that sometimes they've used that phrase a little bit loosely. And Judge Thomas, your opinion for the en banc court in Geico, I think, clearly sets forth that despite the terminology that occasionally is suggested otherwise, the Declaratory Judgment Act does not really impact in any way the scope of the judge's subject matter jurisdiction. Even if we were to – Can you enlighten us on what's going on in State court? Sure. I should have given you an update. On October 13th of 2010, the State court granted a stay pending these proceedings pursuant to a provision of State court law, the State procedure that requires the court to stay when another court is considering a petition to stay pending arbitration. So I see that I'm into my rebuttal time. If there are no questions, I'll save the remainder of my time for rebuttal. Thank you. Good morning, Your Honors. Ray Cardozo for Countrywide. And let me begin with Judge Rosenthal's first question with a slight twist on it. The relevant question here is what if there was no arbitration agreement in this case? The settled rule from – that's emerged since Judge Thomas's decision from the en banc court and under Snodgrass is the district court, of course, would have had the discretion to remand the case back to State court under the Brillhart doctrine. So the question for this Court is did the FAA reflect any intention to disturb the district court's discretionary remand power? There's absolutely nothing in the text of the statute that reflects any such discretion, but if you look at the Supreme Court's most recent and seminal decision on the scope of the discretion under the FAA – the jurisdiction conferred under the FAA, this is the Vaden v. Discover Bank case, the district court – the Supreme Court construed the words, save for the arbitration agreement in Section 4 of the FAA, to mean Section 4 does not enlarge Federal court jurisdiction. Rather, it confines Federal courts to the jurisdiction they would have, save for the arbitration agreement.  remand power. But there's no issue here of subject matter jurisdiction based on the arbitration agreement or the Declaratory Judgment Act or without them. Diversity provides subject matter jurisdiction, doesn't it? Yes, absolutely. But the reason why that quote from Vaden is very instructive is because it reflects what was Congress's intent when they enacted this. They, of course, thought State courts are equally competent with Federal courts to enforce these arbitration agreements. They didn't want to enlarge or constrict the subject matter jurisdiction. And they, of course, didn't have in mind the peculiarities of the Declaratory Judgment Act where the court has subject matter jurisdiction but is not obliged to exercise it. And so the question is, with a Congress that had no intent to disturb the rules that would otherwise be in play, did they seek to remove this discretion under the Declaratory Judgment Act? And if you look at the text of Section 3, it's very instructive on this question also. The mandatory obligation that MAGIC invokes in Section 3 arises in its first instance  And I'm going to quote a passage that I think is most illustrative to you from these words. Upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration, under such an agreement shall, on application of one of the parties, stay. The passage assumes the district court is taking up the arbitration question. It assumes it, but it doesn't speak at all to if you have a well-settled abstention doctrine that permits district courts to say this is a matter that's perfectly suited for and can be resolved in State courts, there's no intent in that statute to disturb that discretion that's well-settled under the law. And you can also get to this result simply by piecing together. See, this case involves an interplay that courts haven't previously considered between the Brillhart Doctrine and the Declaratory Judgment Act and the jurisdiction under the FAA. And you think about the two rules that are well-settled under each of those lines. Under the Declaratory Judgment Act, to quote from Snodgrass, for example, the appropriate inquiry for a district court in a Declaratory Judgment Act is determined whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case. Well, of course, if a request for a declaration dropped from this case, there'd be no case. So there's no doubt that the district court under that rule, if you leave the FAA to the side, would have the ability to remand. And then the Vaden rule, simply put, is set aside the arbitration agreement and look at the problem as if there were no arbitration agreement. And if you do that and you apply the Snodgrass rule, you can remand. Nothing in the text of the statute curves that discretion that's long been settled under our law under Brilhart to remand. And, of course, that discretion gives the district court the power to take up this FAA motion if it so chooses, just as it can go forward with a declaratory judgment action under Brilhart. But there's nothing in the statute that obligates it to do so. Again, the staff, the mandatory duty assumes that the district court takes up the question. And so the very argument Maddox made to this Court takes the question for this Court. And, Judge Thomas, to harken back to your question of whether this dispute is arbitrable or not, I would say that that portion of Countrywide's complaint is not arbitrable. There is an express exception in the arbitration clause for matters of policy interpretation. And that's what Countrywide asked for in its complaint. Their argument to the district court is, well, you've crossed over that line into the contractual issues that are reserved within the arbitration clause. But, of course, the remedy for that is to limit what you hear in court. You don't kick the whole thing to arbitration when clearly the complaint prays for or raises matters of policy interpretation. For example, who has the burden of proof under the policies and contestability provision? That's a question of policy interpretation without a doubt. Among the many oddities that arise from Maddox's construction, as you were just told, when the case went back to state court, the state court had before it the petition to compel arbitration, was perfectly competent to decide that issue and could have taken it up right then. Maddox asked it to stay or defer pending this Court's decision. So under its construction, under a statute where Congress expressed no preference for a state or federal forum, a federal court presented with a petition to compel arbitration has no discretion, must take up the motion, cannot defer, cannot exercise the discretion federal courts otherwise broadly enjoy under Brillhart. That same petition is presented to a state court. The state court can defer, demur, not take it up. Again, there's nothing in the statute that reveals any intent to disturb this well- settled abstention doctrine. Congress said this statute was to give you a substantive right to enforce arbitration agreements. We're not changing the rules on which forum those may be heard. This statute applies in state courts and federal courts alike. We're not giving you a right to come into federal court to enforce it. The rules that otherwise obtain decide which forum you're in. That's all Countrywide's argument is, and it follows faithfully to the text of the statute, and it also faithfully adheres to the very purpose of doctrine under Brillhart. Does your argument, given the discretionary nature of the jurisdiction under used loosely under the Declaratory Judgment Act in both state and federal courts, does your argument then leave MGIC with no court to which it can turn to enforce what it claims is its right to arbitration? Of course not. It could have, number one, very ---- Maybe my question wasn't clear. Under your approach, the federal court can say, eh, I don't want to deal with this, send it back to state court. State court can, even though there's diversity of jurisdiction, state court can say, eh, I don't want to deal with this either, and I don't have to. I have discretion to decide whether to decide. And there's this arbitration provision, the application or scope of which is disputed between the parties. So there's no court that can, is required, if you will, even though there's subject matter jurisdiction in the federal court, to decide the arbitrability issue. Is that where we are? No, that's incorrect. The state court has to take up the arbitration question when presented. So it has no discretion under its Declaratory Judgment Act? Not on the question of arbitration. There isn't an analog to Brillhart, which is a unique creature of Federal State commoners. All right. Then I misunderstood your argument. And one of the essential elements of the Brillhart doctrine is that the issue can be adequately litigated, presented in state court, which was one of the express findings. Is there, under the California, under the Declaratory Judgment Act that is, exists in California, does the California State Court have discretion to decide the issue presented? There has to be discretion on the case of controversy requirements. It can find that the issue isn't ripe, sufficiently ripe, for review and decline jurisdiction. And an interesting question that I'm not sure the California courts have resolved as to whether, in a case where the court thinks the controversy is unripe, whether you have to decide arbitrability first or you can kick it under ripeness. But you'd have that same problem in Federal court, and the FAA wouldn't change that landscape. But the critical point that answers your question right on the button is Brillhart requires that the state court, the issue be there. And in this case, there's no question they could have had this issue resolved in state court. They just didn't want to. They didn't need to remove it. They could have asked Judge Cramer on remand to resolve it. California, as you know, has an arbitration act that's even firmer and more forceful than the Federal Arbitration Act in as it's been construed in its language. I think I've covered all of the points I wanted to cover, but it's a very interesting question, and I want to make sure the panel's questions are all covered. Any further questions, Judge Fletcher? No. Okay. I think we have your argument at hand. A few points in response. To begin with, Countrywide misstates the scope of the district court's discretion under the Declaratory Judgment Act. It is not the discretion to decline subject matter jurisdiction over a case. It, in fact, in the very case that Countrywide cites in its brief, but ellipses at the end, Metamune v. Genentech shows that the discretion is merely whether to, quote, declare the rights of the litigants. With regard to Countrywide's Section 3 argument, I guess the first point I would make is the interpretation that we've heard today is nowhere offered in their briefs, but setting that aside, it's squarely foreclosed by Dean Witter, which indicates that Section 3 is mandatory. It's also not a sensible reading of Section 3 and would undermine the FAA. If the only command of Section 3 is the district court shall stay pending arbitration if they get around ever to reading the briefs, then it would be essentially a meaningless provision. The district court could always hold the FAA motions in abeyance and proceed to the merits of the case. With regard to the argument directed toward Snodgrass in those line of cases, first and foremost, those cases simply didn't address a situation where there was a separate mandatory command of Congress as to how the district court should proceed. But even if those cases applied, it's not clear at all that if Countrywide dropped their Declaratory Judgment Act, the controversy over arbitrability would fall away. It would simply depend, if Countrywide was still maintaining that the dispute described in its complaint didn't belong in arbitration, then there would certainly be a basis for a Section 4 motion by MGIC. Let me turn briefly to the State court point that Mr. Cardozo made. There's nothing peculiar about the fact that the district court, we argue, has to act on a Section 3 motion, and the State court, granted to stay here, there's simply a provision of State law on point that provides that that's what the State court is required to do when a separate court is considering a motion regarding arbitration. There was some discussion of the merits of the motion. That's set forth in our lower court papers. But obviously, what we're asking for here today is simply for this Court to reverse and remand with instructions for the district court in the first instance to reach the merits of our Section 3 motion. For the reasons we set forth in our briefs and I've offered here today, we respectfully request this Court do so. Thank you. Thank you, counsel. It's an interesting case. Obviously, we don't have a case precisely on point. So I appreciate your arguments and your briefing. And we'll be in recess for the morning. Thank you. All rise. This Court is in recess. You may be adjourned.
judges: Rosenthal, Fletcher B. , Thomas